UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Willie Askew, III, | ) | C/A No. 5:15-cv-04216-RMG-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| B.J. Meeks, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

James Willie Askew, III ("Petitioner") is currently incarcerated at FCI-Williamsburg in Salters, South Carolina, serving a sentence on a conviction for conspiracy to possess cocaine base with the intent to distribute, 21 U.S.C. §§ 846, 841(a)(1) entered by the United States District Court for the Northern District of Alabama ("the sentencing court") on April 2, 2009. *United States v. Askew*, No. 1:08-cr-00204-LSC-TMP (N.D. Ala.). According to the Petition under review, Petitioner's conviction and sentence were affirmed on direct appeal by the Eleventh Circuit Court of Appeals on January 11, 2010. Petitioner's initial motion to vacate pursuant to 28 U.S.C. § 2255 was denied and dismissed by the sentencing court on March 25, 2014. *Askew v. United States*, No. 1:11-cv-08001-LSC-TMP (N.D. Ala.) (Mem. Op., ECF No.

11). Petitioner's motion for a certificate of appealability was denied by the Eleventh Circuit Court of Appeals on October 22, 2014, and the United States Supreme Court denied Petitioner's petition for writ of certiorari on May 4, 2015. *Id*. at ECF Nos. 23, 25.

In the § 2241 Petition now under review, Petitioner asks this court to "release [him] from illegal incarceration, in that his actually and factually innocent of all charges . . . ." Pet. 9, ECF No. 1. Petitioner raises several Grounds for relief, primarily alleging, as he had done in his initial § 2255 motion before the sentencing court, that the evidence presented at his trial was inadequate to convict him and that his trial counsel was ineffective in several ways. *Id*. at 7-8; ECF No. 10 (amendment to Petition adding additional claims of ineffective assistance of trial counsel); ECF No. 16 (additional attachments to Petition including additional allegations of ineffective assistance of trial counsel). Petitioner states that the § 2255 remedy is inadequate and ineffective to test the legality of his detention because "the recent Supreme Law had not been ineffect [sic] at the time petitioner filed his original § 2255. The Supere [sic] Court has stated that a § 2244 [sic] is now the proper vehicle where the Supreme Court has ruled on a new law or rule that is retroactive, when it was unavailable at the time of filing his original § 2255. Therefore, this Title 28 USC § 2244 [sic] is properly filed." ECF No. 1 at 5. Petitioner attaches many documents, pleadings, and pages of trial transcripts from his proceedings in the sentencing court as exhibits to his Petition, ECF Nos. 1-1, 9, 10, 16; however, he does not provide a citation to the "Supreme Law" that he alleges is retroactive and authorizes the § 2241 Petition now under review.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty

2

Act of 1996 ("AEDPA") and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's filings to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

III.    Discussion

It appears that Petitioner is making essentially the same arguments and claims about the underlying validity of his conviction in this court that he unsuccessfully made to the sentencing

3

court in connection with his initial § 2255 motion. His allegations of insufficient evidence of guilt to support his conviction and numerous instances of ineffective assistance of trial counsel all go to the underlying validity of his conviction rather than to the manner of execution of the sentence, which is the most commonly accepted subject matter for petitions filed pursuant to § 2241. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). In this Circuit it is settled that "[a]s a threshold matter . . . defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*)). The Fourth Circuit Court of Appeals has held that challenges to the underlying validity of a federal criminal conviction are not properly considered under § 2241 unless Petitioner can come within § 2255's so-called "savings clause" by showing that this is an exceptional case where § 2255 is neither an adequate nor effective remedy for those issues. *See In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1977); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155, at *1 (4th Cir. Oct. 9, 2013). In other words, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The § 2255 "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In considering the savings clause in the context of a § 2241 petition, the law in this Circuit is settled that the possibility that a second § 2255 motion filed by Petitioner in the sentencing court might be found untimely or successive does not render the § 2255 remedy

4

inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (collecting cases). To trigger the "savings clause" of § 2255(e) and proceed under § 2241, Petitioner would have to show that something more and different should be considered by the court than that authorized by § 2255, such as a retroactive change in the law that was applied to his conviction or sentence by the sentencing court as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *Jones* court held a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

Here, although Petitioner broadly asserts that his claims before this court satisfy the savings clause because of some "Supreme Law" that is supposedly retroactive, he does not provide this court with a citation to that law, nor does he appear to base any of the Grounds raised in the Petition on any specific legal authority to that effect. Although he alleges that he is actually innocent of the crime of which he was convicted, Petitioner does not allege, as required to proceed under the holding in *Jones*, that the conduct of which he was convicted—possessing crack cocaine—is no longer criminal because of whatever "Supreme Law" he references. The court cannot accept his conclusory and unsupported allegations without legal support, nor can it proceed under § 2241 to overrule the Northern District of Alabama, which has already considered and rejected Petitioner's claims of insufficient evidence to convict as well as claims of ineffective assistance of trial counsel. Under these circumstances, Petitioner's unsuccessful

invocation of the savings clause indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the AEDPA.

Finally, Petitioner's contentions that he is "actually innocent" of the crime for which he was convicted and sentenced do not require this court to consider the merits of his Petition. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004). Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like this, *i.e.*, when they wish to raise the same issues that were unsuccessfully raised or additional issues that were not raised in direct appeals or in any § 2255 motions that they did file. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).

Here, though, Petitioner's actual-innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings that supports his innocence of the criminal charge on which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial");

6

*Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual-innocence claim); *Thompson v. United States*, No. 99-3893, 2000 WL 571952 (6th Cir. May 2, 2000) (bare allegations of actual innocence as to the charge to which the petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). Instead, here, Petitioner asserts that the evidence that was used against him was insufficient to prove that he committed the crime with which he was charged. As a result, based on the case law cited above, the facial inadequacy of the Petition now under consideration requires this court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000). Under these circumstances, Petitioner's unsuccessful invocation of the savings clause and the facial inadequacy of his actual-innocence allegations in the Petition now under review indicate that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the AEDPA.

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

February 10, 2016                                                       Kaymani D. West
Florence, South Carolina                                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).