IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Willie Askew, III, | ) |
| Petitioner, | ) Civil Action No. 5:15-4216-RMG |
| v. | ) **ORDER** |
| B.J. Meeks, | ) |
| Respondent. | ) |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 20). The Court hereby adopts the R & R as the order of the court.

## Background

Petitioner is a federal prisoner. On October 13, 2015, he filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). Petitioner filed additional supporting documents on November 4, 2015, and January 25, 2016. (Dkt. Nos. 10, 16). The Magistrate Judge filed an R & R recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus on February 10, 2016 (Dkt. No. 20). And Petitioner filed objections to the R & R on February 22, 2016. (Dkt. No. 23).

## Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### Law/Analysis

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss the Petitioner's § 2241 petition for a writ of habeas corpus because Petitioner is a federal prisoner and fails to satisfy the requirements of the "savings clause" of § 2255. 28 U.S.C. § 2255(e).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Petitioner may only pursue his claim under § 2241 if he can satisfy the "savings clause."

"To trigger the § 2255(e) savings clause, Petitioner must show that (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Cochran v. English*, No. CA 1: 13-676-RMG, 2013 WL 2897013, at *2 (D.S.C. June 13,2013) (quoting *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000)) (internal quotation marks omitted). And for actual innocence claims, Petitioner must put forward "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner was convicted of conspiracy to possess cocaine base with intent to distribute, and has provided no citation to anything other than "the recent Supreme Law" to suggest that the substantive law has changed. (*See* Dkt. No. 1 at 5). In addition, he does not point to any new evidence of any kind to support his actual innocence claim. (*See* Dkt. No. 23 at 3 ("Petitioner raises the same issues because these issues are TRUTH. The truth doesn't change. You add more information.")).

Petitioner's sole objection to the R & R is that it appears not to take his January 2016 supplemental filing into account. (Dkt. N0. 23 at 1). Although the R & R does not specifically address these documents, the information contained within them does not include any "new reliable evidence" or otherwise change the fact that § 2241 is not the appropriate vehicle for habeas relief. (Dkt. No. 16-1 at 1 (listing various supplemental "exhibits." which consist of various trial-related documents such as transcripts, reports, and motions). Accordingly, the petition still fails to meet § 2255's savings clause.

After review of the record, the Magistrate Judge's R & R, and the applicable law, the Court finds that the R & R accurately portrays the applicable legal and factual issues presented by this petition. Therefore, the Court hereby **ADOPTS** the R & R as the order of this Court and **DISMISSES** the petition without prejudice and without requiring a response from Respondent.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 7, 2016
Charleston, South Carolina

3